UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-mj-78 (DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) ORDER OF DETENTION |
| ANDREW DAVID MUNSINGER, | ) |
| Defendant. | ) |

This matter came before the Court on February 12, 2024, for a preliminary and detention hearing. (Doc. No. 10) The defendant, Andrew David Munsinger, was represented by Assistant Federal Defender Aaron Morrison. The United States was represented by Assistant United States Attorney Benjamin Bejar.

The United States moved for detention at Mr. Munsinger's initial appearance on February 7, 2024, where Mr. Munsinger was advised of his constitutional rights and afforded opportunity to consult with counsel. (Doc. No. 6) *See* Fed. R. Crim. P. 5(d).

After consideration of the pretrial services report, the record before the Court, the evidence adduced, the arguments of counsel, the serious nature of the current charge, and the factors listed in 18 U.S.C. § 3142(g), the Court finds probable cause to support the charge in the criminal Complaint (Doc. No. 1) and orders Mr. Munsinger bound over for further proceedings by a United States Grand Jury. *See* Fed. R. Crim. P. 5.1(e). The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community if Mr. Munsinger is released pending trial. Accordingly, the Court grants the United States' motion for detention.

## FINDINGS OF FACT

1. Mr. Munsinger is presently charged by a criminal Complaint with one count of being a felon in possession of ammunition, on or about January 27, 2024, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), which carries a statutory maximum sentence of 15 years' imprisonment. (Doc. No. 1) This Court issued the Complaint and arrest warrant on February 5, 2024, based on the sworn Affidavit of FBI Special Agent Jason Bujold filed in support of the Complaint. (Doc. No. 1-1)

2. Because Mr. Munsinger's offense involves the possession or use of a firearm (although that is not charged), the United States is authorized to move the Court for a detention hearing. 18 U.S.C. § 3142(f)(1)(E). The evidence before the Court includes a witness's description of videos showing Mr. Munsinger firing a gun. This evidence is more fully described below.

3. At the hearing, the United States called as a witness FBI Special Agent Erinn Tobin, who testified regarding the facts and circumstances of the nearly year-long investigation, Mr. Munsinger's arrest and alleged ammunition possession charge, and the subsequent warrant-authorized searches and seizures that occurred. (Doc. No. 10) The Court also received into evidence without objection Government Exhibits 1 through 23B, (excluding marked Exhibits 7A through 7C, which were not offered), that consisted of various still shots of surveillance video, photos of items seized during execution of various search warrants, and a receipt from a gun store for the purchase of ammunition allegedly by Mr. Munsinger. (Doc. No. 10) Of particular note, Government Exhibits 2 through 5 depict a semiautomatic rifle and various rounds of ammunition allegedly used and/or

possessed by Mr. Munsinger at a shooting range in January 2024, and Exhibit 6 is a copy of a receipt from January 27, 2024, found in Mr. Munsinger's possessions, for the purchase of 5 boxes of Tulammo brand .223-caliber ammunition.

4. According to the testimony, Mr. Munsinger is a member of the Aryan Freedom Network (AFN), which allegedly is a national white-supremacist organization committed to promoting the white race. During the course of the nearly year-long investigation, Mr. Munsinger met and/or had conversations with an FBI confidential human source (CHS) on several occasions, which were audio- and/or video-recorded. During these meetings and/or at AFN events, Mr. Munsinger espoused particularly venomous hate speech regarding African-Americans and Jews, as well as his hatred of the government underscored with racist and/or antisemitic tropes. On at least two occasions, Mr. Munsinger met with the CHS at a shooting range, where he allegedly possessed and shot semiautomatic rifles and various rounds of .223- and 7.62-caliber ammunition. Specifically, on or about January 27, 2024, Mr. Munsinger was video-recorded possessing ammunition, loading ammunition into magazines, and shooting semiautomatic rifles. (GEs 2-5) Additionally, he allegedly purchased 5 boxes of .223-caliber ammunition from a local gun store on January 27, 2024, and used some of those rounds to shoot at the range with the CHS.   (GE 6)

5. SA Tobin also testified that a nexus expert with the Bureau of Alcohol, Tobacco, and Firearms (ATF) reviewed the photos and still shots of the various boxes and rounds of .223- and 7.62-caliber ammunition and determined that they were not manufactured in the State of Minnesota, thereby satisfying the interstate nexus requirement.   Additionally, SA Tobin testified, and the bond report corroborated, that Mr.

Munsinger has two prior felony drug-related state convictions in Minnesota, and that he served more than one year in prison for at least one of those felony convictions, thereby showing that Mr. Munsinger had to have known that he had previously been convicted of at least one felony crime punishable by more than one year in prison.

6. The government also elicited testimony that Mr. Munsinger texted a photo to the CHS of what an ATF Special Agent believed to be a short-barreled semiautomatic rifle on a blanket. (GE 23A) During the subsequent warrant-authorized search of Mr. Munsinger's home, a similar blanket was recovered, (GE 23B), but the alleged short-barreled rifle was not. Additionally, during the various executed search warrants, agents recovered five firearms, hundreds of rounds of ammunition, multiple magazines, a tactical vest, AFN and white-supremacist paraphernalia, approximately six pounds of packaged marijuana, and over $21,000 cash from Mr. Munsinger's property and residence. (E.g., GEs 10A, 12, 14, 15C, 17B, 18C, 20B, 21B) While Mr. Munsinger is not currently charged with any crimes that may possibly arise from this evidence, the government proffered it in support of its motion for detention.

7. The totality of the evidence adduced and the testimony presented provides probable cause to believe that Mr. Munsinger unlawfully possessed ammunition as a convicted felon on or about January 27, 2024, as alleged in the Complaint. Additionally, the totality of the evidence convinces the Court that detention is warranted based on danger to the community should Mr. Munsinger be released pending the proceedings in this matter.

## CONCLUSIONS OF LAW

Based upon the foregoing, the Court makes the following conclusions of law:

1. Probable cause exists to support the charge in the criminal Complaint, and Mr. Munsinger is bound over for further proceedings by a United States Grand Jury.

2. Based on the pretrial services report and the addendum, (both of which recommended detention), the arguments of counsel, the totality of the evidence adduced, the serious nature of the current charge, and the factors listed in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community should Mr. Munsinger be released pending trial. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention).

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Mr. Munsinger is bound over for further proceedings by a United States Grand Jury;

2. The motion of the United States for detention of Mr. Munsinger is **GRANTED**;

3. Mr. Munsinger is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4. Mr. Munsinger shall be afforded reasonable opportunity to consult privately with counsel; and

5.   Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Munsinger is confined shall deliver Mr. Munsinger to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:   February 22, 2024.

*s/John F. Docherty*
JOHN F. DOCHERTY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MINNESOTA
